**Elder ZACARIAS–LOPEZ, Plaintiff–Appellant,**

v.

**Brian WILLIAMS; et al., Defendants–Appellees.**

**No. 14–17576.**

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed May 2, 2016.

Elder Zacarias–Lopez, Indian Springs, NV, pro se.

Clark G. Leslie, Esquire, Deputy Assistant Attorney General, AGNV–Nevada Office of the Attorney General, Carson City, NV, for Defendants–Appellees.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Elder Zacarias–Lopez, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1983 action alleging a due process claim arising from disciplinary proceedings in which Zacarias–Lopez was found guilty of possessing contraband. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002). We affirm.

The district court properly granted summary judgment because Zacarias–Lopez failed to raise a genuine dispute of material fact as to whether the hearing officer's denial of additional witnesses violated his due process rights. *See Bostic v. Carlson*, 884 F.2d 1267, 1274 (9th Cir.1989) (holding that a prison disciplinary board may deny redundant witnesses and rejecting a due process challenge where an inmate failed to inform the board of the nature of each witness's testimony). Moreover, sufficient evidence supported the hearing officer's finding of guilt. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) ("[T]he relevant question [under the due process clause's 'some evidence' standard] is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

We do not address Zacharias–Lopez's argument, raised for the first time on appeal, that the charging officer should have been called to testify before the disciplinary board. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir.2010) (arguments raised for the first time on appeal are waived).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.